UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HARLAN ISKE,

    Plaintiff(s),

v.

STATE OF NEVADA, et al.,

    Defendant(s).

Case No. 2:24-cv-01587-JAD-NJK

**REPORT AND RECOMMENDATION**

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 6.[1]

    Plaintiff is a prisoner[2] with three or more cases dismissed for failure to state a claim. *See Iske v. H.D.S.P.*, Case No. 2:22-cv-1035-CDS-EJY, Docket No. 18 (D. Nev. Jan. 24, 2023) (dismissing case for failing to state a claim); *Iske v. Bellinger*, Case No. 3:20-cv-00424-RCJ-CLB, Docket No. 5 (D. Nev. April 29, 2021) (screening order concluding that, "[i]f Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be dismissed with prejudice for failure to state a claim"); Docket No. 7 (dismissing case for failing to file an amended complaint in compliance with earlier order) (D. Nev. June 29, 2021); *Iske v. Daily*, Case No. 3:19-cv-00761-MMD-CLB, Docket No. 11 (D. Nev. Sept. 21, 2021) (dismissing cases for failing to state a claim).

    Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] As a litigant proceeding without an attorney, the Court construes Plaintiff's filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] For purposes of the three strikes rule, the term "prisoner" includes "any person <u>incarcerated or detained</u> in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1914(h) (emphasis added). Plaintiff's earlier cases occurred while incarcerated by Nevada Department of Corrections. Plaintiff filed his current case while detained by the Clark County Detention Center.

1

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed in forma pauperis and, instead, must pay the full $405.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Plaintiff alleges that a governmental entity (either the State, the County, or the City) improperly took his property without proper compensation in violation of the Fifth Amendment and Fourteenth Amendment. *See* Docket No. 1-1. These allegations do not relate to Plaintiff's current circumstances in detention and do not plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis* be **DENIED** and that he be required to pre-pay the $405.00 filing fee in full.[3]

Dated: February 24, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[3] The Ninth Circuit has determined that a magistrate judge is not empowered to deny a request to proceed *in forma pauperis*, *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988), so the undersigned issues this report and recommendation rather than an order.

2